IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DWIGHT DARNELL SWEENEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:12cv1039-TMH |
| ) | (WO) |
| LEEPOSEY DANIELS, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is now before the court on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Dwight Darnell Sweeney ("Sweeney"), a state inmate, on November 16, 2012.[1] In this petition, Sweeney challenges a 1996 murder conviction imposed on him by the Circuit Court of Montgomery County, Alabama. After being convicted by a jury on May 2, 1996, the trial court sentenced Sweeney to life imprisonment on May 20, 1996. The Alabama Court of Criminal Appeals affirmed his conviction. Sweeney did not fully pursue his direct appeal and failed to seek relief from the Alabama Supreme Court. Because Sweeney did not file a petition for writ of certiorari to the Alabama Supreme Court, his conviction became final by operation of law when the Alabama Court of Criminal Appeals issued the certificate of judgment on January 7, 1997.

---

[1] The law is well settled that, under the "mailbox rule," a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). In his petition, Sweeney verifies that he submitted the petition and supporting documents to prison officials for mailing on November 16, 2012. (Doc. # 1 at 8). Consequently, the court deems November 16, 2012, as the date of filing.

Pursuant to the orders of this court, the respondents filed an answer (doc. # 11) in which they argue that Sweeney's petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[2] The respondents acknowledge that while represented by counsel, Sweeney filed two Rule 32 post-conviction petitions challenging his conviction on October 30, 1998 and October 12, 1999. However, they argue these two Rule 32 petitions do not toll the federal limitation period because both petitions were filed after the federal one year limitation period expired.

Upon review of the pleadings and evidentiary material filed in this case and the law of this Circuit, the court concludes that no evidentiary hearing is required and that Sweeney's federal habeas petition is due to be denied because it was filed outside the one-year period of limitation mandated by applicable federal law.

## DISCUSSION

Sweeney's federal habeas petition was filed in this court on November 16, 2012, and is precluded from review by this court because Sweeney filed this petition outside § 2244(d)(1)'s requisite one-year period of limitation. 28 U.S.C. § 2244(d)(1) directs that the limitation period for filing a § 2254 petition begins to run on the date when the time for seeking direct review of a challenged judgment expires.

Sweeney was convicted of murder in the Circuit Court of Montgomery County, Alabama, on May 2, 1996 and was sentenced to life imprisonment. Sweeney filed a direct

---

[2] Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). This Act became effective on April 24, 1996.

appeal with the Alabama Court of Criminal Appeals which affirmed his conviction on November 1, 1996.  *Sweeney v. State*, 698 So. 2d 802 (Ala. Crim. App. 1996).  The appellate court denied Sweeney's application for rehearing on December 20, 1996.  Sweeney did not further appeal his murder conviction by seeking relief from the Alabama Supreme Court.[3]  By operation of law, Sweeney's murder conviction became final on January 7, 1997, the date on which the Alabama Court of Criminal Appeals issued the certificate of judgment.[4]  The one-year limitation period contained in section 2244(d)(1)(A) began to run on January 8, 1997.[5]  Absent statutory or equitable tolling, the federal limitation period expired on January 8, 1998, well before the date Sweeney filed his § 2254 petition.

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."  The court finds that Sweeney's filing of two Rule 32 petitions in the Circuit Court of Montgomery County on October 30, 1998 and October 12, 1999, failed to toll the one-year period of limitation because they were not filed within the limitation period required by state law, and therefore, was not "properly filed" for the purpose of tolling the federal limitation period.  *See* 28 U.S.C. § 2244(d)(2).  *See also Pace v. DiGuglielmo*, 544 U.S. 408, 417

---

[3] Because Sweeney failed to seek relief from the Alabama Supreme Court, he relinquished the ability to petition the United States Supreme Court for review.

[4] When further action is not undertaken upon initial action by the appellate court, the certificate of judgment issues eighteen (18) days after issuance of the appellate court's opinion.  ALA. R. APP. P. 41(a).

[5] In computing the federal period of limitation, the court "exclude[s] the day of the event that triggers the period[.]"  FED.R.CIV.P. 6(a)(1)(A).

(2005) ("For purposes of determining what are 'filing' conditions, there is an obvious distinction between time limits, which go to the very initiation of a petition and a court's ability to consider that petition, and the type of 'rule of decision' procedural bars at issue in *Artuz* [*v. Bennett*, 531 U.S. 4 (2000)], which go to the ability to obtain relief. . . . [I]t must be the case that a petition that cannot even be initiated or considered due to the failure to include a timely claim is not 'properly filed.' . . . For these reasons, we hold that time limits, no matter their form, are 'filing' conditions. Because the state court rejected petitioner's [state post-conviction] petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling [of the limitation period] under § 2244(d)(2)."); *Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1317 (11th Cir. 2006) (untimely collateral motion deemed "not 'properly filed' under § 2244(d), and it could not toll the federal one-year period of limitation.")

Under the circumstances of this case, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) began to run on January 8, 1997, and ran without interruption until it expired on January 8, 1998. Sweeney filed the instant § 2254 petition on November 16, 2012. The one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) therefore expired more than fourteen (14) years before Sweeney filed his petition.[6]

---

[6] The court notes that the limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield,* 292 F.3d 709, 711 (11th Cir. 2002). Equitable tolling applies only in truly extraordinary circumstances. *Jones v. United States*, 304 F.3d 1035, 1039-1040 (11th Cir. 2002); *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." However, Sweeney makes no argument that equitable tolling applies, and there is nothing before the court

On January 31, 2013, and February 25, 2013, the court ordered Sweeney to show cause why his petition should not be dismissed pursuant to 28 U.S.C. § 2244(d) for his failure to file within the applicable one-year limitation period. *See* Docs. # 12 & 16. After being given ample opportunity to show cause why the petition should not be dismissed for failure to file within the one-year limitation period, Sweeney has filed nothing in response to the court's order. Thus, the court finds that the one-year limitation period of 28 U.S.C. § 2244(d)(1) expired on January 8, 1998, more than fourteen (14) years before Sweeney filed his federal habeas petition. Because Sweeney did not file in this court until November 16, 2012, his petition is time-barred and this court may not address the merits. The court further concludes that the petitioner has failed to show cause why his petition should not be dismissed.

## CONCLUSION

Accordingly, for the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be denied and that this case be dismissed pursuant to 28 U.S.C. § 2244(d). It is further the RECOMMENDATION of the Magistrate Judge that the costs of this proceeding be taxed against the petitioner. Finally, it is

ORDERED that the parties shall file any objections to the said Recommendation on or before **January 3, 2014.** Any objections filed must specifically identify the findings in

---

which demonstrates the presence of "extraordinary circumstances" to warrant an "equitable tolling" of the limitation period.

5

the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 20th day of December, 2013.

                                            /s/Charles S. Coody
                                       CHARLES S. COODY
                                       UNITED STATES MAGISTRATE JUDGE